968 F.2d 19
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wendell GRAYSON, Petitioner-Appellant,
v.
Steve HARGETT, Respondent-Appellee.
 No. 91-5100.
 United States Court of Appeals, Tenth Circuit.
 June 29, 1992.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals the district court's denial of his petition for habeas relief, 28 U.S.C. § 2254, challenging his Oklahoma convictions for robbery with a firearm and shooting with intent to kill, both after two former felony convictions. As grounds for federal habeas relief, Petitioner asserted (1) the state court's application of the Oklahoma subsequent offender statute, Okla.Stat. tit. 21, § 51, was erroneous; (2) the state trial court erred in relying upon two 1978 convictions to enhance Petitioner's sentence under section 51; (3) the state trial court erroneously instructed the jury concerning the elements that the subsequent offender statute required the state to prove; (4) the jury convicted Petitioner of being a subsequent offender based upon an erroneous bill of information; (5) defense counsel provided ineffective assistance; and (6) the state court erred in failing to conduct an evidentiary hearing or otherwise make findings of fact addressing Petitioner's post-conviction claim of ineffective assistance of counsel.
 
 
 3
 Petitioner failed to assert grounds one through four in his direct appeal. He did assert these four claims in a state petition for post-conviction relief. The state court, however, denied relief, ruling that because these claims had not been raised on direct appeal, they were procedurally barred. We agree with the federal district court that, in light of the state court's application of the state's procedural bar and Petitioner's failure to establish either cause excusing that procedural default or the existence of a fundamental miscarriage of justice which will result from the denial of federal consideration of these claims, Petitioner is procedurally barred from asserting these claims in a federal habeas petition. See Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 4
 Contrary to the district court's decision, however, the state court, in the post-conviction proceedings, did consider the merits of Petitioner's claims addressing the ineffectiveness of counsel. Nonetheless, considering the merits of these claims de novo, we determine they lack merit. We, therefore, AFFIRM the district court's denial of habeas relief on all claims. See Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988) (appellate court may affirm district court decision on ground supported by record, but upon which district court did not rely).
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3